20-1193-cv
*Hoai Ngo v. Oppenheimer & Co., Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand twenty-one.

PRESENT:     JOHN M. WALKER, JR.,
             REENA RAGGI,
             WILLIAM J. NARDINI,
                  *Circuit Judges*.

_____

HOAI NGO,

         *Plaintiff-Appellant,*

    v.                                                    No. 20-1193

OPPENHEIMER & CO, INC.,

         *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:          VALDI LICUL, Wigdor LLP, New York, NY.

FOR DEFENDANT-APPELLEE:           MICHAEL H. GIBSON, Duane Morris LLP, New York, NY.

On appeal from the United States District Court for the Southern District of New York

(Gregory H. Woods, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Hoai Ngo appeals from a judgment of the district court, entered on April 22, 2020, confirming an adverse arbitral award.  He argues that he should not have been compelled to arbitrate his claims under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq*. ("FMLA"), against his former employer, Oppenheimer & Co., Inc. ("Oppenheimer"), and that the arbitral award was issued in manifest disregard of the law.  We assume the reader's familiarity with the record.

When considering a district court's decision on a motion to compel arbitration, we review the legal question of whether the parties have agreed to arbitrate *de novo* and the factual findings establishing contract formation for clear error.  *See Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 72-73 (2d Cir. 2017); *see also Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 119 (2d Cir. 2012) ("Whether or not the parties have agreed to arbitrate is a question of state contract law.").  For substantially the reasons stated in the district court's November 30, 2017, order, we affirm that Ngo's claims were subject to arbitration.  *See Ngo v. Oppenheimer & Co., Inc.*, No. 17-CV-1727, 2017 WL 5956772 (S.D.N.Y. Nov. 30, 2017).  Ngo signed at least two arbitration agreements during the course of his employment with Oppenheimer: one in 2009, when he joined the company, and one in 2014, when the company issued a revised agreement and employee handbook.  The crux of Ngo's argument is that the agreements are not binding because they were provided in routinely issued employee handbooks that contained contractual disclaimers.  But Ngo executed the arbitration agreements separate and apart from acknowledging receipt of the employee

2

handbooks. For example, in 2014, he electronically acknowledged receipt of the revised employee handbook and separately said that he agreed to the terms of the revised arbitration agreement. Moreover, his employment was expressly conditioned on his agreement to arbitrate claims arising out of his employment; each arbitration agreement stated that Ngo's employment was "subject to [his] agreeing to a predispute arbitration clause." The "objective manifestations of the intent of the parties as gathered by their expressed words and deeds" demonstrate their agreement to arbitrate claims arising out of Ngo's employment. *See Kolchins v. Evolution Mkts., Inc.*, 31 N.Y.3d 100, 106 (2018) (quoting *Brown Bros. Elec. Contrs. v. Beam Constr. Corp.*, 41 N.Y.2d 397, 399 (1977)).

Having found that Ngo agreed to arbitrate his claims against Oppenheimer, we also affirm the district court's March 13, 2020, denial of Ngo's petition to vacate the arbitral award. *See Ngo v. Oppenheimer & Co, Inc.*, 444 F. Supp. 3d 628 (S.D.N.Y. 2020). Our review of an arbitral award "is severely limited." *Westerbeke Corp. v. Daihatsu Motor Co., Ltd.*, 304 F.3d 200, 208 (2d Cir. 2002) (internal quotation marks and citation omitted). A court must "uphold a challenged award as long as the arbitrator offers a barely colorable justification for the outcome reached." *ReliaStar Life Ins. Co. of N.Y. v. EMC Nat'l Life Co.*, 564 F.3d 81, 86 (2d Cir. 2009) (internal quotation marks and citation omitted). To vacate an arbitral award on the theory that the arbitrator exhibited a manifest disregard of the law, we must find that "the governing law alleged to have been ignored by the arbitrator [was] well defined, explicit, and clearly applicable," and that the arbitrator "appreciate[d] the existence of a clearly governing legal principle but decide[d] to ignore or pay no attention to it." *Westerbeke Corp.*, 304 F.3d at 209 (internal quotation marks omitted).

3

The arbitrator here did not manifestly disregard the law. The arbitrator conducted a thorough proceeding, identified the correct legal standards for Ngo's FMLA interference and FMLA retaliation claims, and made reasonable factual findings and legal conclusions. The arbitrator found that Oppenheimer did not interfere with Ngo's FMLA rights because it demoted him before he applied or conveyed an intent to apply for any sort of leave at all (FMLA leave or otherwise); up until the time of his demotion, Ngo had only sought to work remotely. Not only must we accept the arbitrator's factual findings, *see id*. at 214 ("The arbitrator's factual findings . . . are not subject to judicial challenge, particularly on our limited review of whether the arbitrator manifestly disregarded the law."), but we are unpersuaded by Ngo's argument that Oppenheimer demoted him in anticipation of his FMLA leave. Ngo did not request or apply for FMLA leave before his baby was born, after his baby was born, or even immediately after being demoted. Instead, his partner applied for Ngo's leave weeks later—a few days before Ngo's intended return date—after Ngo experienced a separate medical emergency. The arbitrator did not exhibit a manifest disregard for the law in dismissing Ngo's interference claim.

Nor did the arbitrator exhibit a manifest disregard for the law in finding no FMLA retaliation. Ngo contends that the arbitrator improperly applied a punitive intent standard in the FMLA retaliation analysis when all he needed to find was that Ngo's FMLA leave was a "motivating factor" in Oppenheimer's decision to demote him. *See Woods v. START Treatment & Recovery Ctrs. Inc.*, 864 F.3d 158, 168 (2d Cir. 2017) (holding that the motivating factor causation standard, rather than the but for causation standard, applies to FMLA retaliation claims). Yet again, the arbitrator found that Ngo was demoted before he took or expressed an intent to take

4

FMLA leave, and thus Oppenheimer's decision could not have been predicated on his FMLA status. This conclusion does not demonstrate a manifest disregard for the law.

We have considered Ngo's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court